In re GOLDFARB.

(Supreme Court, Appellate Division, First Department.   March 17, 1916.)

ATTORNEY AND CLIENT ☞58—DISBARMENT—MISCONDUCT.
    Where an attorney converted moneys collected for a client, as well as
moneys delivered to him by another client to effect a settlement, but repented and expressed deep contrition, he should, it appearing that his
health was poor and that his mental condition was not normal, be suspended, with leave to apply for reinstatement at the end of a year, on a
showing that his condition was such that he was fit to be intrusted with
the duties of a member of the bar.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–
78;  Dec. Dig. ☞58.]

In the matter of Abraham Goldfarb, an attorney.   Application on
the report of the official referee to punish respondent for professional misconduct.   Respondent suspended, with leave to apply for
reinstatement.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT,
SMITH, and PAGE, JJ.

Einar Chrystie, of New York City (Paul M. Herzog, of New York
City, of counsel), for petitioner.

Abraham Goldfarb, of New York City, pro se.

CLARKE, P. J.   This is the usual proceeding brought by the Association of the Bar of the City of New York to discipline an attorney
for alleged professional misconduct.   Respondent was admitted to
the bar of this state in 1899, and has ever since practiced and is now
practicing as an attorney and counselor at law in the First judicial
district.

The first charge is that of moneys of his client, which he had collected upon his behalf, he had failed to turn over and had converted
to his own use a balance remaining due, after taking out his fees for
collection, of $75.65.   The second charge is that he withheld and converted to his own use $25 delivered to him in his professional capacity
for the purpose of closing the settlement of a certain claim against his
client, by reason whereof a judgment for a considerable sum was
entered against his client, causing him much annoyance and expense.

The official referee has reported that the respective charges have
been supported by ample proof.   Upon this motion the respondent
states that the report of the referee has been amply sustained and now
expressed deep contrition and profound regret for the occurrence.
The referee reports that:

    "The appearance of the respondent in the course of the proceedings has
been that of a man in poor health and in a mental condition far from normal.
His testimony has been rambling and nonconsecutive.   I feel satisfied that
the respondent has really repented and has already suffered severely from
the result of his misconduct."

It does not appear that respondent was suffering from this mental
and physical condition when he committed the acts complained of.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

We cannot overlook the offense, but, giving weight to the suggestion of the learned official referee, think that justice will be done by suspending the respondent for one year, with leave to apply for reinstatement at the expiration of that term, upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon, and upon such application it must be shown that he is then in fit condition to be intrusted with the important responsibilities and obligations of a member of the bar. All concur.